[No. 9726.  Department Two.  January 17, 1912.]

JOSEPH F. WOLPERS, *Appellant*, v. THE CITY OF SPOKANE, *Respondent*.[1]

MUNICIPAL CORPORATIONS — CLAIMS — PRESENTATION — CHARTER—
STATUTES—CONSTRUCTION.  Rem. & Bal. Code, § 7995, providing that
claims for damages in tort against cities of the first class filed "in
compliance with valid charter provisions," shall state the actual
residence of the claimant, by street and number, has no application
to claims as to which the city charter did not require any notice or
demand.

SAME—CLAIMS BY SERVANT OF CITY—SAFE PLACE TO WORK.  The
charter of the city of Spokane providing that all claims for damages
for personal injuries alleged to have been sustained by reason of
the negligence of the city or any officer, agent, or servant thereof,
be presented to the city council, has no application to claims arising
out of the relation of master and servant and the failure of the city
to furnish a servant with a safe place to work.

Appeal from a judgment of the superior court for Spo-
kane county, Clifford, J., entered March 15, 1911, dismissing
an action in tort, upon sustaining objections to the intro-
duction of any evidence.  Reversed.

*Roche & Onstine*, for appellant.

*Cannon, Ferris, Swan & Lally* and *A. M. Craven*, for re-
spondent.

ELLIS, J.—Action by the appellant against the respond-
ent for damages because of personal injuries sustained by the
appellant while in the employ of the city as a carpenter.  It is
alleged that, while he was at work upon a false arch which the
city had erected as a form for a concrete arch of a bridge
which was in process of construction across the Spokane river,
at Monroe street, in Spokane, the false arch collapsed and
fell, precipitating the appellant upon the rocks in the river
below, permanently injuring him.  The negligence alleged
was carelessness in the construction of the false arch, failure

[1]Reported in 120 Pac. 113.

to provide it with guy ropes, cables, braces or supports, fail-
ure to employ competent engineers for the work, failure to ex-
amine and ascertain its lack of strength and stability, failure
to furnish appellant a safe place to work, and negligently
assuring him that the place was safe. The complaint al-
leged the presentation to the city council, and the filing with
the city clerk, of a notice of claim for damages within the
time and in the form and manner required by the city char-
ter. A copy of the notice was made a part of the complaint
as an exhibit. It fully conformed to the charter require-
ment.

At the trial, the respondent objected to the taking of
any testimony upon the ground that the complaint did not
state a cause of action, in that the notice of claim did not
contain a statement of the residence of the claimant at the
time it was filed, nor his residence for six months immediately
prior to the time the claim accrued, as required by chapter
83 of the Laws of 1909. The court sustained the objection
and dismissed the action.

The Charter of the city of Spokane then in force, § 220,
subd. 1, omitting inapposite parts, provided as follows:

"All claims for damages for personal injuries or for in-
juries to property alleged to have been sustained by reason
of the negligence of the city, or any officer, agent, servant
or employe thereof, must be presented to the city council
within one month after any such injuries shall have been
received in the manner hereinafter in this section provided;
. . . All claims for injuries to person or property, and
all notices of such claims herein required, shall be in writing
and shall state the time when and the place where such in-
juries were received and must also state the cause, nature
and extent of the same, the amount of damage sustained
thereby and the amount for which the claimant will settle
the same, and must be verified by his or her affidavit, in
proper form, to be true; and the refusal or omission to pre-
sent such claim and give notice where notice is required, in
the manner and within the time in this section required shall
be taken to be, and shall be, a waiver of any and all dam-

ages on account of such injuries and shall be a bar to any suit or action against the city to recover the same, or any part thereof."

Sections 1, 2 and 3, of chapter 83, Laws of 1909 (Rem. & Bal. Code, §§ 7995, 7996, 7997), read as follows:

"Sec. 1. That whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued.

"Sec. 2. That nothing in this act shall be construed as in any wise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claims for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, shall conform to and comply with such charter provisions.

"Sec. 3. That compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

The first section of the act of 1909 makes it manifest that the provisions of that law, as relating to cities of the first class, have no independent force. They can only be invoked by reference to the city charter, and as applying to claims prescribed and filed "in compliance with valid charter provisions of such city." That law does not extend the requirement of notice, either as contained in any city charter or as contained in the law itself, to other persons or other torts than those contemplated by such city charter. If the charter does not require the presentation or filing of any notice of claim in a case such as here under consideration, then the law of 1909 requires none.

The appellant contends that the charter has no application to the city and its employees in their relation of master and servant; that it does not require nor contemplate the presentation or filing of any notice of claim where the injury is the result of the failure of the city to furnish its servant a reasonably safe place in which to work. This contention must be sustained. The case of *Giuricevic v. Tacoma*, 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533, is decisive of the question. It is true that the charter provision there involved only required the filing of a claim where the injury was caused by reason of "defects, want of repair or obstruction" of streets, highways, alleys, sidewalks or crosswalks; but it is also true that the injury there involved came within the letter of the charter provision though not within its spirit. The plaintiff there, who was an employee of the city, was injured while at work in the street by the falling of an electric light pole of the city, which had been rendered unstable by the removal of dirt around it in grading the street. While the decision is placed partly upon the ground that the injury was not the result of any "defect, want of repair or obstruction in the street as a place of travel," it is also placed positively and distinctly upon the independent ground that "the law requiring notice to the city had no application to its duty as a master to furnish its servant a reasonably safe place in which to work." This court in the *Giuricevic* case referring with approval to the case of *Kelly v. Faribault*, 95 Minn. 293, 104 Pac. 231, said:

"The court held that the law requiring notice to the city had no application to its duty as a master to furnish its servant a reasonably safe place in which to work; that the purpose of the law requiring notice was to give the municipality an opportunity to investigate and protect itself against fictitious claims. We think that, while the claim in the instant case is within the letter, it is clearly without the spirit of the charter provision. In arriving at the intent of a law it is proper to consider the mischief sought to be met.

Clearly the purpose of the notice is to enable the city to protect itself against spurious and fraudulent claims. In this case the reason for the notice is absent, for it must be presumed that the city had notice of the injury to its servant."

The language which we have quoted is palpably applicable, and with equal force, to the facts and the charter provision in the case before us as it was to the facts and the charter provision there discussed. The greater breadth of the charter requirement here involved can make no possible difference. In any case, the intent of the provision must be determined by a consideration of "the mischief sought to be met." It is as true of the Spokane charter as it was of the Tacoma charter, that "the purpose of the notice is to enable the city to protect itself against spurious and fraudulent claims." It is also obvious that the reason for the notice, in case of injury to a servant of the city while in the line of his employment, is as absent in the one case as in the other, "for it must be presumed that the city had notice of the injury to its servant." As said in the *Giuricevic* case, *Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025, is distinguishable. In that case the relation of master and servant was not involved.

The notice discussed in the case of *Kelly v. Faribault, supra*, was a notice required by statute, not by a charter provision. The statute of Minnesota, referred to in the opinion, required notice to the city of injury by reason of any defect "in a street, road, bridge, or other public place, *or by reason of the negligence of its officers, agents, or servants.*" Revised Laws of Minnesota, 1905, § 768. The words which we have italicized are as comprehensive as those of the charter of Spokane. They are broad enough to include all claims for tort by negligence of officers or agents of the city. The court, in construing this statute in that case, said:

"The provisions of this statute relate to a defective bridge, street, public works, or places therein enumerated; and we

think it very clear, from the history of the law requiring notice to municipalities of injuries thereon, and its subsequent development, that it never was intended to apply to the relations between master and servants when the latter are injured by reason of failure of the former to provide a reasonably safe place for the servant to work, or as to any absolute duties which are enjoined by law upon the employer. The object of the notice when required is well understood to be to give the municipality an opportunity to investigate, and to protect against fictitious claims. The reason for the rule hardly applies in a case where its own servants are injured in such work by the negligence of the master, but specifically to cases where the public are interested in using within their rights the property of the city."

It is insisted as a distinction that the requirement of a statement of the claimant's residence was superadded to the charter requirements by statute after the decision in the *Giuricevic* case, and is mandatory. This is true but immaterial. The statute is mandatory, but only as to cases within its purview. As we have seen, only such notices as are required by a valid charter provision fall within the purview of the statute. The second section of the act makes this plain. The decision in the *Giuricevic* case obviously would have been the same had the statute then been in force because the charter, as there held, did not require any notice where the relation of master and servant existed.

The judgment of dismissal is reversed, and the cause remanded for reinstatement and a new trial.

DUNBAR, C. J., CROW, and CHADWICK, JJ., concur.