[No. 12132. *En Banc.* September 24, 1915.]

DORA HAYNES, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—CLAIMS—ACTIONS—PENDENCY OF ACTION —REHEARING ON APPEAL. An action, appealed to the supreme court, is "pending" until the disposition of a petition for a rehearing, within the meaning of Laws 1915, p. 421, providing that no action against a city for damages "now pending" shall be defeated by the failure of the plaintiff to file a claim where a claim has been heretofore filed in the manner required by the act.

SAME—CLAIMS—NOTICE—STATUTES—CURATIVE ACTS—EFFECT. Under Laws 1915, p. 421, providing that no action against a city for damages "shall be defeated by the failure of the plaintiff to file a claim, where a claim has been heretofore filed" in the manner required in the act, and authorizing claims to be filed by any relative or agent if the claimant is incapacitated, the plaintiff's right to a trial on the merits in an action pending on appeal from judgment of dismissal for want of notice, is perfected by the enactment of the laws of 1915, and the filing with the city of a claim verified by her father while she was incapacitated in the manner provided by the act.

APPEAL—PRESUMPTIONS—PLEADINGS—AMENDMENT — INVOLUNTARY ABANDONMENT OF CLAIM. Where a complaint was amended by omitting an essential part, after a motion to strike and the entry of an order, "motion to strike . . . granted in part, denied in part," it will be presumed on appeal that there was no voluntary abandon-

[1]Reported in 151 Pac. 789.

ment of the original complaint, but that the amendment was in compliance with the order to strike, in view of the indefiniteness of the order and the probable oral remarks of the court in disposing of the motion.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 28, 1914, dismissing an action for personal injuries sustained by reason of a defective street, upon sustaining a demurrer *ore tenus* to the complaint. Set aside and remanded.

*George B. Cole* and *John Wesley Dolby*, for appellant.

*James E. Bradford* and *Howard M. Findley*, for respondent.

## ON REHEARING.

PARKER, J.—The plaintiff, Dora Haynes, seeks recovery of damages for personal injuries which she alleges resulted to her from the negligence of the defendant, city of Seattle. The cause is before us upon rehearing. Our former decision, rendered December 28, 1914, is reported in 83 Wash. 51, 145 Pac. 73, wherein we affirmed the judgment of the superior court dismissing the action upon the ground that the plaintiff had failed to file with the city her verified claim for damages within thirty days after the time when they accrued, as required by the city charter and statute then in force. The decision, both of the superior and of this court, was rested upon facts disclosed by the pleadings, upon the city's objection to the introduction of evidence on the part of the plaintiff at the commencement of the trial in the superior court. Further consideration of the cause, in the light of the act of 1915 (Laws of 1915, ch. 148, p. 421), relating to the filing of such claims for damages with cities of the first class, leads us to the conclusion that appellant, Dora Haynes, is entitled to have the judgment of dismissal set aside and her motion for new trial now granted, though we may assume that the trial court was not in error in its rul-

ings in dismissing the action and in refusing her a new trial, under the statute and charter as then existing.

According to the allegations of appellant's complaint, she was injured on March 30, 1913, and was thereby incapacitated mentally and physically from verifying and filing her claim with the city for a period of more than thirty days thereafter. On April 26, 1913, within the thirty-day period, her father, W. B. Haynes, prepared, verified by his oath, and filed with the city in her behalf, her claim for damages resulting from her injuries so received. It is not contended that this claim is defective in any respect, except that it was insufficient as a prerequisite to her right to sue the city for such damages, solely because it was not verified by her own oath, as the then existing law and charter provisions required. This was the sole ground of our former decision, as it apparently was also that of the superior court, touching the sufficiency of this claim. Immediately after the restoration of her mental faculties, so she was capacitated to verify a claim by her own oath, on June 4, 1913, some sixty days after receiving her injuries, she filed another claim with the city of the same import, verified by her own oath. This claim was also held by the superior court, and by our former decision, as being insufficient as a prerequisite to her right to sue the city, because it was too late in time under the statute and charter, being after the thirty-day period therein prescribed.

The statute and charter provisions controlling the question of the sufficiency of these claims and their filing with the city as a prerequisite to appellant's right to sue the city for the damages claimed by her, up until after the rendering of our former decision in this case, are found in §§ 7995, 7996 and 7997, Rem. & Bal. Code (P. C. 77 §§ 133, 135, 137), and § 29, art. 4 of the city charter of Seattle, wherein thirty days is prescribed as the limit of time for the filing of such claims with the city, and wherein it is also provided that such claims shall "be sworn to by the claimant." These statutory and

charter provisions were modified, touching the right of a claimant who is incapacitated from filing a claim verified by his own oath during the prescribed thirty-day period, by the act of 1915, which became the law in June, 1915 (Laws of 1915, ch. 148, p. 421), which added a proviso to Rem. & Bal. Code, § 7996, reading as follows:

"Provided, That if the claimant shall be incapacitated from verifying and filing his claim for damages within the time prescribed by charter or if the claimant be a minor, then the claim may be verified and presented on behalf of said claimant by any relative or attorney. or agent representing the injured person, and no action for damages now pending or hereafter brought shall be defeated by the failure of the person to verify or file the claim in person if action be brought within three years after the taking effect of this act where a claim has heretofore been verified and filed within the time and in compliance with the terms of this act if said claim has been rejected."

Now since appellant filed her petition for rehearing timely, and thereby prevented the final disposition of the action in this court until the disposition of her petition for rehearing, (Rem. & Bal. Code, § 1740 [P. C. 81 § 1233]), it is manifest that the action was pending, within the meaning of the proviso of the act of 1915 above quoted, at the time that act became the law. *State v. Tugwell*, 19 Wash. 238, 257, 52 Pac. 1056, 43 L. R. A. 717. It seems quite clear to us, therefore, that appellant's right to now have the case proceed to trial upon the merits was perfected by the filing with the city of the claim verified by her father, and the enactment of this proviso, regardless of the correctness of the former rulings of the superior court or of the former decision of this court.

Some contention is made by counsel for the city that appellant is not now in position to take advantage of the filing of her claim verified by her father. Prior to the trial, counsel for the city moved to strike several portions of appellant's original complaint, including the allegation therein of the

filing of her claim verified by her father. In disposing of this motion, the court entered its order in these indefinite words: "Motion to strike from complaint is granted in part, denied in part;" with nothing further in writing evidencing the court's decision thereon. Thereafter counsel for appellant filed an amended complaint, omitting therefrom the allegation of the original complaint touching the filing of the claim with the city verified by appellant's father; but alleging the filing with the city of the claim verified by herself after the expiration of the thirty-day period for filing such claims, which claim was also alleged in the original complaint in addition to the first claim verified by her father.

This, it is insisted, was a voluntary abandonment of her rights under the claim verified by her father within the thirty-day period. We do not so construe appellant's omission of this claim from her amended complaint. It is true the order of the court striking portions of appellant's original complaint does not in terms strike the allegation of this claim therefrom, but in view of the indefiniteness of that order and the probable oral remarks of the court made in disposing of the motion, we will presume that counsel for appellant was warranted in construing it, and did construe it, as striking from the original complaint the allegation with reference to the claim verified by appellant's father, and that, therefore, they were compelled to omit such allegation from the amended complaint. We think this was not a voluntary abandonment of appellant's rights so far as they were rested upon that claim.

We conclude that appellant is now entitled to proceed to trial upon the merits, and to amend her amended complaint so as to rest her cause of action upon the claim verified by her father and filed with the city in her behalf within the thirty-day period. The judgment of dismissal is set aside, and the cause remanded to the superior court for further proceedings consistent with our conclusions herein expressed. This dis-

position of the cause here renders it unnecessary to again examine the questions decided in our former decision. Under the peculiar circumstances of the case, we conclude that neither party should recover costs in this court.

Morris, C. J., Holcomb, Mount, Chadwick, and Main, JJ., concur.

Ellis, J. (concurring)—While I entertain no disposition to dissent from the conclusion reached in the foregoing opinion, nor to disagree with the grounds upon which it is placed, I am strongly of the opinion that the decision could be soundly, and ought to be frankly, placed upon another ground. The act of 1909, embodied in Rem. & Bal. Code as §§ 7995, 7996 and 7997 (P. C. 77 §§ 133, 135, 137), relating to claims against cities of the first class, has no independent force. As shown by its first section, it can only be invoked by reference to the city charter and as applying to claims prescribed and filed "in compliance with valid charter provisions of such city." That act does not extend the requirement of notice as contained in any such charter provision, nor change such requirement in any manner except by engrafting thereon the additional requirement of "a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued." We so held in *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac. 113, and *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820.

The second section of the act expressly declares, "Nothing in this act shall be construed as in any wise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claim for damages. . . ." Rem. & Bal. Code, § 7996 (P. C. 77 § 135). The third section of the act provides that "Compliance with the provisions of this

act is hereby declared to be mandatory. . . ." Rem. & Bal.
Code, § 7997 (P. C. 77 § 137).

Clearly the declaration in this act that it is not intended
to modify the provisions of the city charter otherwise than by
adding the requirement that the place of residence be stated
in the notice, is just as mandatory as is the requirement to
state such place of residence. There is nothing in the whole
act indicating any intention to change charter provisions
touching notice in any other respect, or to change any con-
struction which had theretofore been placed upon such char-
ter provisions by this court in any other respect.

Long prior to the passage of the act of 1909 as embodied
in the three sections of the code above referred to, this court,
in the case of *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386,
in construing a charter provision of the city of Spokane
which, touching the question here under consideration, can-
not be distinguished from the charter provision of the city of
Seattle here involved, had held that, while such provisions
are reasonable and in furtherance of justice, they must be
reasonably construed, that a reasonable compliance with their
terms is all that can be demanded, and that "if it appears
that it was an impossibility for the claimant to make his
claim within the time prescribed, he will not be held to a
literal compliance with the provisions of the law." It is there
held in substance, that by analogy to the application of an
ordinary statute of limitations, one who is incapacitated, by
reason of his injuries, to file a claim within the period pre-
scribed may do so when capacity is restored, and that the
plea of that fact sufficiently excuses the delay in filing the
claim to take the case to the jury. As there said, "It would
work a miscarriage of justice to hold that one who is injured
should be barred from collecting meritorious damages by
reason of the fact that he was incapacitated from filing his
claim until after the time prescribed had expired." These
considerations appeal to the writer as being just as sound

now as they were when they were first announced. The rule there announced rests on the plainest principle of abstract justice, namely, that a person should never be deprived of, or estopped to assert, a right without fault on his own part, in the absence of an express declaration to that effect in the valid exercise of the police power.

This phase of the *Born* case has never been modified or overruled by any decision of this court, unless it was impliedly overruled by the original decision in the case now before us. It was not overruled nor in any manner affected by the case of *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365. In that case no charter provision of any kind was involved. It was based wholly upon a statute relating to cities of the second, third or fourth classes, a statute complete in itself and wholly distinct from the statute here involved. Rem. & Bal. Code, § 7998 (P. C. 77 § 57).

Prior to the passage of the act of 1909 relating to claims against cities of the first class, this court had, by an unbroken line of decisions, held that a substantial compliance with such charter provisions is all that can be reasonably required. *King v. Spokane*, 52 Wash. 601, 100 Pac. 997; *Falldin v. Seattle*, 50 Wash. 561, 97 Pac. 658; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431. With this construction of all such charter provisions before it, and presumably knowing that we had in the *Born* case distinctly held that physical or mental incapacity induced by the injury excused the failure to file a claim until such capacity was restored, the legislature did not, in the act of 1909, require any different construction or declare mandatory any such charter provision, but only declared mandatory its own added requirement that the place of residence be stated in the claim. This court, by a decision *En Banc*, so held without a dissenting voice in the recent case of *Maggs v. Seattle*, 86 Wash. 427, 150 Pac. 612. The legislature in the act in question not only did not

expressly modify such charter provisions as theretofore construed by this court, but, on the contrary, expressly declared that "Nothing in this act shall be construed as in any wise modifying . . . any valid provision of the charter of any such city relating to such claims for damages." This was, by necessary implication, an adoption of the construction of the charter which had so long been placed upon it by this court.

To the writer, there seems to be no sound escape from the view that the act of 1909, relating to cities of the first class, not only did not change the rule laid down in the *Born* case, but actually acquiesced in that rule, since with that decision before it it expressly disclaimed any intention to "modify such charter provisions in any wise."

The second claim, personally verified by the claimant in this action after she had recovered her mental and physical faculties, should be held a sufficient compliance with the charter. The statutory provision is in nowise involved.

FULLERTON, J., concurs with ELLIS, J.