[No. 13993.  *En Banc.*  March 12, 1917.]

JESSE W. SPEAR *et al., Appellants*, v. THE CITY OF
BREMERTON, *Respondent*, KITSAP HOTEL INVESTMENT
COMPANY *et al., Interveners.*[1]

APPEAL—DECISION—REVIEW AFTER REMAND—JURISDICTION.  Where,
upon exceptions and appeal from a judgment going beyond the direc-
tions of a remittitur, no objection is made to the method employed
to review the form and substance of the judgment, the supreme court
will treat the appeal as a proceeding in the same case and as suf-
ficient to reinvest the court with jurisdiction.

STATUTES—CURATIVE ACTS—VALIDITY OF MUNICIPAL BONDS—POWER
OF LEGISLATURE.  A curative act designed to correct objections to
procedure and validate municipal bonds is a declaration of legis-
lative policy within its jurisdiction, where the act was passed dur-
ing the pendency of the action to test the validity of the bonds.

MUNICIPAL CORPORATIONS—PUBLIC WORKS—SALE OF BONDS—INTER-
EST—DISCOUNT.  A bond issue to pay for a water works system can-
not be sold at a discount of five per cent, ostensibly to cover all
commissions, attorney's fees and expenses, but which was in fact a
bonus for the benefit of the buyer increasing the rate of interest
which the bonds were to bear.

Appeal from a judgment of the superior court for Kitsap
county, Dykeman, J., entered November 22, 1916, upon
remittitur from the supreme court, in an action for equitable
relief.  Remanded with directions.

*A. C. Durham* and *Robinson & Robinson*, for appellants.

*James W. Bryan, Ewing D. Colvin*, and *Marion Garland*,
for respondent.

PER CURIAM.—The remittitur in this case went down on
November 21, 1916.  The court entered a judgment upon
the remittitur, to which exceptions were taken and from
which an appeal is now prosecuted.  The parties have stip-
ulated that the case may be decided upon the transcript of
the judgment and the brief of appellant.  Both sides join

[1]Reported in 163 Pac. 741.

in a request for a prompt decision because, as we are informed by counsel, of certain public considerations which are not a part of the record on either appeal.

No objection being made to the method employed to review the form and substance of the judgment, which, it is asserted, goes beyond the direction of this court, we shall treat the present appeal as a proceeding in the same case, and as sufficient to reinvest this court with jurisdiction.

After the petition for rehearing had been denied (90 Wash. 507, 156 Pac. 825; 93 Wash. 699, 160 Pac. 946), the legislature passed a curative act designed to cure the objections theretofore existing to the bonds to be issued by the city of Bremerton and to validate the issue. Laws of 1917, p. 38, ch. 12. This act was passed as an emergent measure and has been approved by the governor.

The procedure, as well as the object sought to be attained, being impliedly if not actually assented to by counsel for respondents on this appeal, we shall treat the law of 1917 as a declaration of legislative policy upon a subject within the range of its power and to be sustained as the governing law, under the authority of *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061, and *Haynes v. Seattle*, 87 Wash. 375, 151 Pac. 789.

The case will, therefore, be remanded with directions to reenter a judgment consistent with the judgment from which the first appeal was taken, and consistent with the law of 1917 (Laws 1917, p. 38, ch. 12).

It is not to be understood that we approve the original judgment in so far as it sanctioned the attempt of the city of Bremerton to pay John E. Price & Company or any purchaser a sum in lieu of interest under the guise or subterfuge of a commission, attorneys' fees, or other pretense. In that respect, the judgment from which this appeal is taken will be affirmed.

Remanded with directions to enter a judgment accordingly.