**In re CARLISLE PACKING CO.**
No. 33183.

District Court, W. D. Washington, N. D.
April 22, 1935.

J. Charles Dennis, U. S. Atty., Warren G. Magnusson, (formerly) Asst. U. S. Atty., and Thomas R. Winter, Sp. Atty., Bureau of Internal Revenue, all of Seattle, Wash., for petitioner.

Ralph Olson, of Bellingham, Wash., and Murray L. Jones, of Seattle, Wash., for trustee.

E. D. Phelan, of Seattle, Wash., for Frank Wright, objecting creditor.

CUSHMAN, District Judge (after stating the facts as above).

Unless the referee was authorized to re-examine and redetermine the questions decided by the Board of Tax Appeals, there is no necessity to examine questions other than those stated by claimant and already quoted.

Pertinent provisions of the law relating to the Board of Tax Appeals appear in 26 USCA §§ 1211 to 1228, inclusive. Section 1224, as amended (Revenue Act 1926, § 1001, as amended by Act June 6, 1932, § 1101 (a), 26 USCA § 1224), provides for a review of decisions of the Board by the Circuit Courts of Appeal and the Court of Appeals of the District of Columbia, if petition is filed for review within three months after the decision is rendered.

Section 1228, 26 USCA, provides:

"§ 1228. When board's decision becomes final.

"(a) The decision of the board shall become final—

"(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time; or

"(2) Upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the board has been affirmed or the petition for review dismissed by the circuit court of appeals and no petition for certiorari has been duly filed; or

"(3) Upon the denial of a petition for certiorari, if the decision of the board has been affirmed or the petition for review dismissed by the circuit court of appeals; or

"(4) Upon the expiration of thirty days from the date of issuance of the mandate of the Supreme Court, if such court directs that the decision of the board be affirmed or the petition for review dismissed.

"(b) If the Supreme Court directs that the decision of the board be modified or reversed, the decision of the board rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of thirty days from the time it was rendered, unless within such thirty days either the commissioner or the taxpayer has instituted proceedings to have such decision corrected to accord with the mandate, in which event the decision of the board shall become final when so corrected.

"(c) If the decision of the board is modified or reversed by the circuit court of appeals, and if (1) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the decision of the board rendered in accordance with the mandate of the circuit court of appeals shall become final on the expiration of thirty days from the time such decision of the board was rendered, unless within such thirty days either the commissioner or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the board shall become final when so corrected.

"(d) If the Supreme Court orders a rehearing; or if the case is remanded by the circuit court of appeals to the board for a rehearing, and if (1) the time allowed for filing a petition for certiorari has expired, and no such petition has been duly filed, or (2) the petition for certiorari has been denied, or (3) the decision of the court has been affirmed by the Supreme Court, then the decision of the board rendered upon such rehearing shall become final in the same manner as though no prior decision of the board had been rendered.

"(e) As used in this section—

"(1) The term 'circuit court of appeals' includes the Court of Appeals of the District of Columbia;

"(2) The term 'mandate,' in case a mandate has been recalled prior to the expiration of thirty days from the date of issuance thereof, means the final mandate."

Section 2274 (a) of title 26 USCA (section 505, 48 Stat. 757) provides:

"§ 2274. Bankruptcy and Receiverships

"(a) Immediate Assessment. Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this title upon such taxpayer shall, despite the restrictions imposed by section 2272 (a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. In such cases the trustee in bankruptcy or receiver shall give notice in writing to the Commissioner of the adjudication of bankruptcy or the appointment of the receiver, and the running of the statute of limitations on the making of assessments shall be suspended for the period from the date of adjudication in bankruptcy or the appointment of the receiver to a date 30 days after the date upon which the notice from the trustee or receiver is received by the Commissioner; but the suspension under this sentence shall in no case be for a period in excess of two years. *Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver.*" (Italics supplied by the court.)

The parties concede that a review of the Board's determination might have been secured despite the fact of the adjudication in bankruptcy following the Board's determination.

The determination of the question presented depends upon the interpretation of the emphasized part of the last-quoted section of the law, and particularly the following words therein, "despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board," for the implication is that in the absence of such "pendency" such claims are not to be presented to the bankruptcy court for other than allowance as determined by the Board of Tax Appeals or on review of such determination

**14**

as provided by section 1224 et seq., except to the extent that there be included therein a penalty.

The controlling question then becomes: "What do the words of the above statute 'pendency of proceedings' mean?" Unless there is such "pendency" until the time that the Board's decision becomes final, as provided by section 1228, above quoted, it cannot be contended that the referee had jurisdiction to consider and determine the validity of the tax.

■ At common law and under numerous statutes, it may be conceded that an action or suit is "pending" until such time as there is disposition of the appeal. Mackenzie v. A. Engelhard Co., 266 U. S. 131–142, 45 S. Ct. 68, 69 L. Ed. 205, 36 A. L. R. 416; Montoya v. Gonzales, 232 U. S. 375, 34 S. Ct. 413, 58 L. Ed. 645; Ex parte Craig (C. C. A.) 274 F. 177–187; Moore v. Douglas (C. C. A.) 230 F. 399; State v. Tugwell, 19 Wash. 238, 52 P. 1056, 43 L. R. A. 717; Haynes v. City of Seattle, 87 Wash. 375, 151 P. 789.

It does not follow, however, that in the present statute such was the intent of Congress. Congress provided, by section 1224, that review of the Board's decisions should be by courts comprised of more than one judge.

■ It is the duty of the court to construe, if possible, sections of a statute so that they are consistent. To reach the conclusion that a deficiency determined by the Board of Tax Appeals may be re-examined and redecided by the judge of a District Court or a referee in bankruptcy is, on its face, inconsistent with the intent and purpose on the part of Congress shown that a review of the Board's decision should be by such an appellate court.

■ It follows that within the meaning of section 2274 (a) there is no "pendency" of proceedings after the Board has made its order following its decision.

■ The action of the referee in this matter is disaffirmed.

Any order or orders based on the ruling herein will be settled upon notice and may be presented and noted for hearing Monday, May 6, 1935, at 10 o'clock in the forenoon.

The clerk is directed to notify the attorneys for the parties of this decision.