**SELIGSON et al. v. CAMP WESTOVER, Inc.**

District Court, S. D. New York.

March 4, 1941.

William Zuckerman, of New York City, for plaintiffs.

Edward M. Fuller, of New York City, for defendant.

MANDELBAUM, District Judge.

Defendant has moved, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to vacate and set aside plaintiffs' notice and subpoena to take the deposition before trial of the General Accident Fire and Life Assurance Corporation, as a witness in plaintiffs' behalf.

Defendant contends that this court does not permit such an examination of an insurance company. However, such a contention is not strictly true. Bough v. Lee, D.C., 28 F.Supp. 673; Kulich v. Murray, D.C., 28 F.Supp. 675.

I am of the opinion that this motion must be denied. The court realizes that in most instances the insurance company is the real party in interest and not the assured. It has been held that permitting such an examination "would penalize the diligent and place a premium on laziness". McCarthy v. Palmer, D.C., 29 F. Supp. 585, 586. Assuming that this neces-

sarily follows, it must be kept in mind that the new Rules of Civil Procedure are fashioned to eliminate the old concept of litigation as a battle of wits and to provide the tools whereby litigants may bring before a court or jury all the facts from which the truth may be more easily ascertained and substantial justice done. To the extent that this search for the truth infringes on the convenience of litigants, such convenience must yield to that extent.

■ Insurance companies occupy no different status from that of any other litigant. To permit such a company in a negligence suit to evade examination on any theory other than privilege would amount to an emasculation of the liberal provisions of the new rules, insofar as a plaintiff in such litigation is concerned. Nothing is shown in the moving papers from which this court could find that the matter sought to be obtained is privileged. The mere fact that such information is in the hands of an insurance company or its attorney does not, in and of itself, make such information privileged.