### UNITED STATES v. CLAUS.
#### Cr. No. 40407.

District Court, E. D. New York.

April 26, 1946.

J. Vincent Keogh, U. S. Atty., and Hyman H. Goldstein, Asst. U. S. Atty., both of Brooklyn, N. Y., for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

Defendant moved for a reduction of the sentence previously imposed upon him by this Court. The application has merit in view of the defendant's physical condition resulting from a recent operation and the United States Attorney has consented to the granting of the motion. It is necessary to decide whether the Court has power to consider the application.

■ Prior to the adoption of the new Federal Rules of Criminal Procedure, which became effective March 21, 1946, the district court could not entertain a motion for reduction of sentence after the term of court had expired with reference to the particular case. Under local rules the term remained open for 90 days after sentence had been imposed unless extended by court order. Hardships sometimes resulted from the inability to grant relief due to this technical restriction. The new Rules abolished terms of court and specify periods of time within which applications for various relief must be made. Rule 35 provides that a motion for reduction of sentence may be made within 60 days after imposition of sentence or within 60 days after the receipt by the court of the mandate issued by the appellate tribunal upon the affirmance of a judgment or the dismissal of an appeal.

■ Sentence was imposed upon the defendant on June 12, 1945 and an appeal from the judgment was taken. Before any determination by the appellate court, a motion was made for a reduction of the sentence, which could not be entertained during the pendency of the appeal but this Court indicated that it would grant the relief sought if an application were properly made. The attorney for the defendant stated that the term of court had been extended but the attorney was inadvertently mistaken, the term having expired and not having been extended. Upon consent, the appeal was dismissed on February 14, 1946. Within 60 days thereafter, the present motion was presented, which would be timely under the new Rules but which cannot be entertained if the new Rules are not applicable because the term of court has now expired.

Rule 59 of the Federal Rules of Criminal Procedure provides that the new Rules shall "govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." Is there a proceeding pending in this matter so that the Court may pass upon the application? An appeal is a proceeding in the original cause and a suit is "pending" until the appeal is disposed of. Mackenzie v. Engelhard, 266 U.S. 131, 45 S.Ct. 68, 69 L.Ed. 205, 36 A.L.R. 416; Ex parte Craig, 2 Cir., 1921, 274 F. 177; In re Carlisle Packing Co., D.C.Wash., 1935, 12 F.Supp. 11. That is "pending" which has not been decided or finally determined. 31 Words & Phrases, Perm.Ed. 641 et seq. A matter which is still open to modification on appeal must be deemed to be "pending". National Popsicle Corp. v. Hughes, D.C.Cal., 1940, 32 F.Supp. 397. Therefore, this criminal proceeding was pending on March 21, 1946 when the new Rules became effective and they may lawfully be applied to it.

It is the object of the new Rules to achieve in the field of criminal procedure a measure of the improvement in the administration of justice accomplished in civil litigation by the 1938 rules. To best attain this result, the Rules are to be liberally construed to apply them in the intended spirit devoid of technical niceties. Rule 2 provides that:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

The only annotation offered by the Advisory Committee which formulated the Rules is a reference to Rule 1 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." The interpretations placed by the courts upon the civil rules have uniformly treated them as designed to promote the ends of justice, not to defeat them, it being increasingly realized that orderly procedure does not require a sacrifice of fundamental justice. Hormel v. Helvering, 1941, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Victory v. Manning, 3 Cir., 1942, 128 F.2d 415; Perlman v. 322 West Seventy-Second Street Co., 2 Cir., 1942, 127 F.2d 716; Milton v. United States, 5 Cir., 1941, 120 F.2d 794; Stark v. American Dredging Co., D.C. Pa., 1943, 3 F.R.D. 300; Glaspell v. Davis, D.C.Or., 1942, 2 F.R.D. 301; Seligson v. Camp Westover, D.C.N.Y., 1941, 1 F.R.D. 733.

This should as well be the guiding principle in the administration of the new Rules of Criminal Procedure. Adjudication on the merits should be the motivating policy in determining rights rather than technicalities of procedure or form. In the present application, it is just and practicable that the new Rules should be applied and the motion considered and granted on its merits.