[No. 28982-2-II. Division Two. December 9, 2003.]

REBECCA L. TROXELL, *Appellant*, v. THE RAINIER PUBLIC SCHOOL DISTRICT NO. 307, *Respondent*.

362

*Robert E. Sabido* (of *Cosgrave Vergeer Kester, L.L.P.*) (*Thomas M. Christ*, of counsel), and *Mary Elizabeth Van Gemert*, for appellant.

*Henry A. Saller, Jr.*, for respondent.

QUINN-BRINTNALL, A.C.J. — Rebecca L. Troxell filed a notice of claim for personal injuries with the Rainier Public School District No. 307 (District) on December 10, 2001. She filed her lawsuit on February 8, 2002. Finding the lawsuit was prematurely filed under RCW 4.96.020, the Thurston County Superior Court granted the District summary judgment and dismissed Troxell's claim.

In this case we address the proper method of calculating the timeliness of the filing of a lawsuit when RCW 4.96.020 prohibits the filing of the action until 60 days have elapsed. In computing time limits *within* which an act must be conducted, RCW 1.12.040 and CR 6(a) afford the party with the duty to comply the benefit of partial-day extensions by excluding the first day and including the last. Similarly, we hold that where a statute prohibits filing a lawsuit until 60 days have elapsed, the party with the duty to comply is entitled to the benefit of partial-day inclusions. Applying this methodology to the facts at issue here, we hold that Troxell timely filed her lawsuit after 60 days elapsed and we reverse.

## FACTS

On December 17, 1998, Troxell fell and injured herself in a Rainier High School parking lot. On December 10, 2001, Troxell filed a notice of tort claim with the District. On February 8, 2002, Troxell filed a complaint for personal injuries against the District in the Thurston County Superior Court. The District moved for summary judgment on April 4, 2002, claiming that Troxell failed to comply with RCW 4.96.020(4), which bars commencement of an action against a municipal government until "60 days have elapsed after filing a claim with the government entity." Clerk's Papers (CP) at 16. The trial court agreed with the District that Troxell filed her lawsuit on the 60th day and had, therefore, failed to comply with the statutory waiting period. It granted the District summary judgment and dismissed Troxell's claim.

Troxell appealed. A commissioner of this court agreed with the trial court that the lawsuit was premature. We granted Troxell's motion to modify the commissioner's ruling.

## ANALYSIS

RCW 4.96.020(4) provides that:

No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until *sixty days have elapsed* after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

(Emphasis added.) Here, the parties agree on the date Troxell filed the notice (December 10, 2001) and the date Troxell filed the complaint (February 8, 2002). They also agree that February 8, 2002, was the 60th day after December 10, 2001. They disagree, however, on whether "60 days have elapsed" on the 60th day or the 61st day.

▇ In this case, because the action is governed by statute, we must interpret RCW 4.96.020 to determine whether Troxell timely filed her claim. The underlying function of judicial interpretation of statutes is to effectuate the object or intent of the legislature. *Williamson, Inc. v. Calibre Homes, Inc.*, 147 Wn.2d 394, 401, 54 P.3d 1186 (2002). A well-settled canon of statutory interpretation is that the court's primary duty is to determine and implement legislative intent. *Glaubach v. Regence Blueshield*, 149 Wn.2d 827, 832, 74 P.3d 115 (2003). Thus, to interpret RCW 4.96.020(4), we first discern the legislative intent and then interpret the statute to effectuate this intent.

▇ The legislative intent of the waiting period in RCW 4.96.020 is readily discernible. It is generally accepted that the intent of the 60-day period is to allow the governmental entity to investigate and settle the claim against that entity. *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002) (citing *Daggs v. City*

*of Seattle*, 110 Wn.2d 49, 57, 750 P.2d 626 (1988); *Williams v. State*, 76 Wn. App. 237, 248, 885 P.2d 845 (1994)). Unlike the content of the claim, which is subject to the substantial compliance standard, the waiting period is from a statutory notice claim provision and must be strictly construed. *Medina*, 147 Wn.2d at 316. Courts have applied strict compliance to statutory notice provisions and have dismissed complaints filed before the end of the 60-day waiting period. *See, e.g., Medina*, 147 Wn.2d at 315-16 ("[Plaintiff] does not dispute that the personal injury suit in superior court was filed prior to the end of the statutory 60-day waiting period."); *Sievers v. City of Mountlake Terrace*, 97 Wn. App. 181, 184, 983 P.2d 1127 (1999) ("It is undisputed that Sievers waited only 59 days after filing her tort claim with the City before commencing her suit in superior court."); *Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 83 Wn. App. 304, 306, 921 P.2d 1084 (1996) ("On July 13, 1994, her attorney served the notice. . . . On July 29, Ms. Pirtle filed the summons and complaint."), *review denied*, 131 Wn.2d 1014 (1997). While the computation methods have been conclusory and inconsistent, the courts have consistently applied the strict compliance standard to the waiting period. Moreover, Troxell does not dispute that she must strictly comply with the 60-day requirement. Likewise, we apply the strict compliance standard to Troxell's claim.

Unlike here, the prior cases addressed the premature filings and not the calculations. In the prior cases, the courts dismissed these claims for failing to strictly comply. *Medina*, 147 Wn.2d at 317 ("where time requirements are concerned, this court has held that 'failure to comply with a statutorily set time limitation cannot be considered substantial compliance' with the statute") (quoting *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991)); *Sievers*, 97 Wn. App. at 183 ("strict compliance is clearly emphasized with the filing procedures themselves"); *Pirtle*, 83 Wn. App. at 309 ("Washington case law emphasizes strict compliance with the filing procedures").

■ But applying these standards to Troxell, even strictly construing the 60-day requirement, two equally reasonable interpretations emerge. One is that the waiting period ends on the 60th day and the other interpretation is that the period ends on the 61st day. We apply RCW 4.96.020's 60-day period strictly to give effect to its purpose and calculate the time elapsed to include the date of the filing of the notice and exclude the last date. Sixty days elapsed on the 60th day, which is February 8, 2002, and the trial court improperly dismissed Troxell's claim. This method of calculating the time elapsed benefits the party with the duty to comply and is, therefore, consistent with the principles of calculation applied when determining whether an act that must be done within a set period has been timely completed.

We are not reducing the procedural standard for filing claims against governmental entities to substantial compliance. If Troxell had filed her suit one day earlier, it would have been premature and summary judgment would have been appropriate. But using the calculation method that most furthers the legislative intent, between December 10, 2001, and February 8, 2002, 60 days elapsed during which the District had ample opportunity to investigate and offer to settle Troxell's claim. Troxell's lawsuit was timely and summary judgment was inappropriate.

We reverse the summary judgment and remand to the trial court for further proceedings.

MORGAN and SEINFELD, JJ., concur.

Review granted at 152 Wn.2d 1002 (2004).